1   JESS B. MILLIKAN (SBN 095540)
    WILLIAM J. RUSTEEN (SBN 265388)
2   BULLIVANT HOUSER BAILEY PC
    601 California Street, Suite 1800
3   San Francisco, California 94108
    Telephone: 415.352.2700
4   Facsimile: 415.352.2701
    E-Mail:     jess.millikan@bullivant.com
5              william.rusteen@bullivant.com

6   Attorneys for Plaintiff
    TRAVELERS PROPERTY CASUALTY
7   COMPANY OF AMERICA

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  TRAVELERS PROPERTY CASUALTY           Case No.:
    COMPANY OF AMERICA, a Connecticut
13  corporation,                          **COMPLAINT FOR DECLARATORY
                                          JUDGMENT**
14                   Plaintiff,

15          vs.

16  MIXT GREENS, INC., a California
    corporation; HINES INTERESTS LIMITED
17  PARTNERSHIP, a Delaware limited
    partnership; NOP 560 MISSION LLC, a
18  Delaware limited liability company; and CAL-
    MURPHY, LLC, a California limited liability
19  company,

20                   Defendant.

21

22                      **JURISDICTION**

23          1.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) in that citizenship and

24  residence of the plaintiff is completely diverse from the citizenship of the defendants.   In

25  addition, the amount in controversy exceeds $75,000, exclusive of interests and costs.

26  ///

27  ///

28  ///

                              – 1 –

**INTRADISTRICT ASSIGNMENT**

2.     Venue exists in this Court under the provisions of 28 U.S.C. §1391(a)(2) because a substantial part of the events giving rise to the issues in this action occurred in San Francisco County.

**PARTIES**

3.     Plaintiff Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4.     Defendant Mixt Greens, Inc. is a California corporation with its principal place of business in San Francisco, California.

5.     Defendant Hines Interests Limited Partnership is a Delaware limited partnership and is not a citizen of Connecticut.

6.     Defendant NOP 560 Mission LLC is a Delaware limited liability company with its principal place of business in San Francisco, California.

7.     Defendant Cal-Murphy, LLC is a California limited liability company with its principal place of business in San Francisco, California.

**FACTUAL BACKGROUND**

8.     Travelers issued primary Policy No. I-680-1836M956-TIL-08, effective March 23, 2008 to March 23, 2009), to named insured Mixt Greens, Inc. d/b/a Mixt Greens (the "primary policy"). The primary policy includes commercial general liability coverage, among other coverages. A true and correct copy of the primary policy is attached hereto as EXHIBIT A and incorporated herein by reference.

9.     Travelers also issued Commercial Excess Liability (Umbrella) Policy No. ISF-CUP-9333Y548-TIL-08, effective March 23, 2008 to March 23, 2009), to named insured Mixt Greens, Inc. d/b/a Mixt Greens (the "excess policy"). A true and correct copy of the excess policy is attached hereto as EXHIBIT B and incorporated herein by reference.

10.     Mixt Greens operates a restaurant inside the building located at 560 Mission Street in San Francisco, California. Mixt Greens leases the space from NOP in which it operates its restaurant.

11. Cal-Murphy also operates a restaurant inside the building located at 560 Mission Street in San Francisco, California.

12. Cal-Murphy, along with three individuals, initially filed a lawsuit against Mixt Greens, Hines, and NOP entitled *Cal-Murphy, LLC, et al. v. Hines Interests Limited Partnership, et al.*, Case No. CGC-08-473750, in the Superior Court of California, County of San Francisco (the "underlying action"). A true and correct copy of the current pleading in the underlying action, the Fifth Amended Complaint, is attached to this complaint as EXHIBIT C, and incorporated herein by reference.

13. Although the Fifth Amended Complaint asserts four causes of action against Mixt Greens – the fifth (for trespass), the sixth (for nuisance), the seventh (for injunctive relief) and the ninth (also for trespass) – only the sixth cause of action for nuisance is still being litigated, and only by Cal-Murphy. Attached to this complaint as EXHIBIT D, and incorporated by reference, are true and correct copies of orders from the San Francisco Superior Court dated July 29, 2011, May 11, 2012, May 18, 2012, July 26, 2012, and August 10, 2012 dismissing the fifth cause of action, the seventh cause of action and the ninth cause of action, striking other portions of the Fifth Amended Complaint, and dismissing all causes of action brought by the individual plaintiffs.

14. All causes of action asserted against Hines and NOP in the underlying action have been dismissed. Attached to this complaint as EXHIBIT E, and incorporated by reference, is a true and correct copy of an order from the San Francisco Superior Court dated June 18, 2012 granting Hines and NOP's motion for a judgment on the pleadings.

15. At all times pertinent to the underlying action, Mixt Greens operated a grill inside its restaurant. For a period of time, the grill inside Mixt Greens was connected to two ducts that passed through Cal-Murphy's restaurant. After the underlying action was filed, the ducts were re-routed and no longer travel through Cal-Murphy's restaurant.

16. Cal-Murphy alleges in the underlying action that during the time the ducts passed through their restaurant, "odors have been emitted into [their restaurant] and an accumulation of animal and vegetable oils has built up inside of the ducts passing through [their] leasehold."

1  EXHIBIT C at ¶16, p. 11:16-17; see, also, ¶14(d), p. 11:2-3; ¶27(h), p. 24:17-19; ¶27(i), p.

2  24:22-24; ¶47, p. 29:13-17; ¶49(a), p. 30:1-3; ¶49(b), p. 30:4-8; ¶49(c), p. 30:9-14.

3       17.    On or about May 22, 2008, Mixt Greens tendered its defense of the underlying

4  action to Travelers under the primary policy.

5       18.    Travelers accepted Mixt Greens' tender of defense subject to a reservation of

6  rights, and has been defending Mixt Greens in the underlying action since approximately

7  June 14, 2008 under the primary policy.

8       19.    For the reasons set forth in more detail below, Travelers does not have any

9  further obligation to defend or indemnify Mixt Greens in the underlying action.

10       20.    Hines and NOP have demanded payment of their defense costs and indemnity in

11  the underlying action from Travelers.

12       21.    For the reasons set forth in more detail below, Travelers does not have any

13  obligation to pay any defense costs nor to indemnify Hines or NOP in connection with the

14  underlying action.

15                **FIRST CLAIM FOR A DECLARATORY JUDGMENT THAT**
          **TRAVELERS HAS NO DUTY TO DEFEND MIXT GREENS UNDER**
16                  **THE PRIMARY POLICY OR EXCESS POLICY**

17       22.    Travelers incorporates by reference each and every allegation contained in

18  Paragraphs 1 through 21 as though fully set forth herein.

19       23.    The primary policy obligates Travelers to defend and indemnify Mixt Greens

20  against certain liabilities which it may incur on account of "bodily injury" or "property damage"

21  caused by an "occurrence" all as those terms are defined in, and subject to the terms and

22  conditions of the primary policy (EXHIBIT A).

23       24.    The underlying action does not allege any "bodily injury" or "property damage"

24  caused by an "occurrence" which is covered, or could potentially be covered, under the primary

25  policy.

26       25.    The primary policy also obligates Travelers to defend and indemnify Mixt

27  Greens against certain liabilities which it may incur on account of "personal injury,"

28

                                           – 4 –

1  "advertising injury" or "web site injury," all as those terms are defined in, and subject to the

2  terms and conditions of the primary policy (EXHIBIT A).

3      26.    The underlying action does not allege any "personal injury", "advertising injury",

4  or "web site injury" which is covered, or could potentially be covered, under the primary policy.

5      27.    The excess policy obligates Travelers to defend "any 'suit' for damages which

6  are payable under Coverages **A** or **B** … but which are not payable by a policy of 'underlying

7  insurance' or any other available insurance," all as those terms are defined in, and subject to the

8  terms and conditions of the excess policy (EXHIBIT B).

9      28.    For the reasons set forth above, Travelers has no obligation to defend Mixt

10  Greens in the underlying action under the excess policy because the underlying action does not

11  allege any "bodily injury" or "property damage" caused by an "occurrence", or a "personal

12  injury", "advertising injury", or "web site injury" which is covered, or could potentially be

13  covered, as set forth in the excess policy (EXHIBIT B).

14      29.    Even if the underlying action alleged "bodily injury" or "property damage"

15  caused by an "occurrence", or a "personal injury", "advertising injury", or "web site injury", as

16  defined in the excess policy, Travelers has no obligation to defend Mixt Greens under the excess

17  policy because the primary policy is not exhausted as required by the excess policy

18  (EXHIBIT B).

19      30.    For the foregoing reasons, Travelers requests a declaratory judgment that it has

20  no duty to defend Mixt Greens in the underlying action under the primary policy or excess

21  policy.

22      **SECOND CLAIM FOR A DECLARATORY JUDGMENT THAT**
    **TRAVELERS HAS NO DUTY TO INDEMNIFY MIXT GREENS UNDER**
23      **THE PRIMARY POLICY OR EXCESS POLICY**

24      31.    Travelers incorporates by reference each and every allegation contained in

25  Paragraphs 1 through 30 as though fully set forth herein.

26      32.    The primary policy obligates Travelers to indemnify Mixt Greens against

27  damages which Mixt Greens "becomes legally obligated to pay" on account of "bodily injury"

28

1 │ or "property damage" caused by an "occurrence" all as those terms are defined in, and subject to

2 │ the terms and conditions of the primary policy (EXHIBIT A).

3 │       33.    Travelers has no obligation to indemnify Mixt Greens under the primary policy

4 │ for any damages Mixt Greens "becomes legally obligated to pay" in the underlying action

5 │ because the underlying action does not allege any "bodily injury" or "property damage" caused

6 │ by an "occurrence" which is covered, or could potentially be covered, under the primary policy.

7 │       34.    The primary policy also obligates Travelers to indemnify Mixt Greens against

8 │ damages which Mixt Greens "becomes legally obligated to pay" on account of "personal

9 │ injury," "advertising injury" or "web site injury," all as those terms are defined in, and subject to

10 │ the terms and conditions of the primary policy (EXHIBIT A).

11 │       35.    Travelers has no obligation to indemnify Mixt Greens under the primary policy

12 │ for any damages Mixt Greens "becomes legally obligated to pay" in the underlying action

13 │ because the underlying action does not allege any "personal injury," "advertising injury" or

14 │ "web site injury," which is covered, or could potentially be covered, under the primary policy.

15 │       36.    The excess policy obligates Travelers to "pay on behalf of [Mixt Greens] the

16 │ 'ultimate net loss' in excess of the 'applicable underlying limit' which [Mixt Greens] becomes

17 │ legally obligated to pay as damages because of 'bodily injury' [or] 'property damage'" caused

18 │ by an "occurrence", all as those terms are defined in, and subject to the terms and conditions of

19 │ the excess policy (EXHIBIT B).

20 │       37.    Travelers has no obligation to indemnify Mixt Greens under the excess policy for

21 │ any "ultimate net loss" Mixt Greens "becomes legally obligated to pay because of 'bodily

22 │ injury' [or] 'property damage'" in the underlying action because the underlying action does not

23 │ allege any "bodily injury" or "property damage" caused by an "occurrence" which is covered, or

24 │ could potentially be covered, under the excess policy.

25 │       38.    The excess policy also obligates Travelers to indemnify Mixt Greens for "those

26 │ sums, in excess of the amount payable under the terms of any Personal, Advertising and Web

27 │ Site Liability Insurance included in the 'underlying insurance', that  [Mixt Greens] becomes

28 │ legally obligated to pay as damages because of …'[p]ersonal injury' and 'advertising injury';

1  and ... '[w]eb site injury'... provided that the Personal, Advertising and Web Site Injury

2  Liability Insurance applies or would apply except for the exhaustion of its 'underlying personal,

3  advertising or web site injury liability limit'," all as those terms are defined in, and subject to the

4  terms and conditions of the excess policy (EXHIBIT B).

5        39.    Travelers has no obligation to indemnify Mixt Greens under the excess policy for

6  any damages Mixt Greens "becomes legally obligated to pay" in the underlying action because

7  the underlying action does not allege any "personal injury", "advertising injury", or "web site

8  injury" which is covered, or could potentially be covered, under the excess policy.

9        40.    Even if Mixt Greens becomes "legally obligated to pay" some amount of

10  punitive damages to Cal-Murphy [EXHIBIT C, Prayer for Relief ¶22, p. 36:23-24], Travelers

11  has no obligation to indemnify Mixt Greens for punitive damages under the primary policy or

12  excess policy because California Insurance Code §533 provides that "[a]n insurer is not liable

13  for a loss caused by the wilful act of the insured."

14        41.    In addition to the grounds set forth above, Mixt Greens is not entitled to

15  indemnity under the excess policy because the primary policy is not exhausted.

16        42.    For the foregoing reasons, Travelers requests a declaratory judgment that it has

17  no duty to indemnify Mixt Greens in the underlying action under the primary policy or the

18  excess policy.

19                    **THIRD CLAIM FOR A DECLARATORY JUDGMENT THAT**

20  **TRAVELERS HAS NO DUTY TO DEFEND HINES AND NOP UNDER**
**THE PRIMARY POLICY OR EXCESS POLICY**

21        43.    Travelers incorporates by reference each and every allegation contained in

22  Paragraphs 1 through 42 as though fully set forth herein.

23        44.    Travelers' defense obligations under the primary policy are set forth above (see

24  also EXHIBIT A).

25        45.    The primary policy contains a Supplementary Payments provision whereby

26  Travelers agrees to defend an indemnitee of the insured if the "indemnitee of the insured is also

27  named as a party to the 'suit'", but only if the conditions set forth in the primary policy are met.

28

–7–

46.     Travelers has no obligation to provide Hines or NOP a defense under the primary policy's Supplementary Payments provision.  Travelers must first "defend [Mixt Greens] against a 'suit'," as that term is defined in the primary policy (EXHIBIT A).  As set forth above, the underlying action does not allege "bodily injury" or "property damage" caused by an "occurrence", or a "personal injury", "advertising injury", or "web site injury".  Because Travelers has no obligation to defend Mixt Greens in the underlying action under the primary policy, Travelers correspondingly has no obligation to defend Hines or NOP under the primary policy's Supplementary Payments provision.

47.     Even if the underlying action constituted a "suit", as required by the Supplementary Payments provision, the following conditions set forth under that provision were not met:

     a.   Subsection (2)(a) requires that Mixt Greens have contractually assumed the liability of Hines and NOP.  Mixt Greens did not contractually assume the liability of Hines. Mixt Greens did not contractually assume the liability for the active negligence of NOP where, as here, the underlying action arises out of NOP's active negligence;

     b.   Hines, NOP, and Mixt Greens did not ask for Travelers "to conduct and control the defense", as required by subsection (2)(e); and,

     c.   Hines and NOP did not comply with the requirements of subsection (2)(f).

48.     The primary policy also contains a Blanket Additional Insured – Managers or Lessors of Premises provision which obligates Travelers to provide additional insured coverage to certain parties "but only with respect to liability arising out of the ownership, maintenance or use of that part of any premises leased to you…," subject to the limitations set forth in the primary policy (EXHIBIT A).

49.     Hines and NOP are not additional insureds under the primary policy's Blanket Additional Insured – Managers or Lessors of Premises provision with respect to "[s]tructural alterations, new construction or demolition operations performed by or on behalf of such additional insured".  The underlying action is based on structural alterations which were

– 8 –

performed by or on behalf of Hines and NOP. Accordingly, they are not additional insureds and are not entitled to any defense or indemnity from Travelers with respect to the allegations in the underlying action.

50.     Even if Hines and NOP are additional insureds under the primary policy, the underlying action does not allege any "bodily injury" or "property damage" caused by an "occurrence", or a "personal injury", "advertising injury", or "web site injury" which is covered, or could potentially be covered, under the primary policy.

51.     Travelers' defense obligations under the excess policy are set forth above (see also EXHIBIT B).

52.     For the reasons set forth above, Travelers has no obligation to defend Hines or NOP in the underlying action under the excess policy because the underlying action does not allege "bodily injury" or "property damage" caused by an "occurrence", or a "personal injury", "advertising injury", or "web site injury" as required by the excess policy (EXHIBIT B).

53.     Even if the underlying action constitutes a "suit", Travelers has no obligation to defend Hines or NOP under the excess policy because the primary policy is not exhausted as required by the excess policy (EXHIBIT B).

54.     For the foregoing reasons, Travelers requests a declaratory judgment that it has no duty to defend Hines or NOP in the underlying action under the primary policy or excess policy.

**FOURTH CLAIM FOR A DECLARATORY JUDGMENT THAT
TRAVELERS HAS NO DUTY TO INDEMNIFY HINES AND NOP
UNDER THE PRIMARY POLICY OR EXCESS POLICY**

55.     Travelers incorporates by reference each and every allegation contained in Paragraphs 1 through 54 as though fully set forth herein.

56.     Travelers' indemnity obligations under the primary policy are set forth above (see also EXHIBIT A).

57.     As set forth above, Hines and NOP are not additional insureds under the primary policy with respect to the allegations of the underlying action. Accordingly, Travelers is not obligated to indemnify Hines or NOP under the primary policy.

– 9 –

1   58.   Even if Hines and NOP are additional insureds under the primary policy with

2   respect to the allegations of the underlying action, Travelers is not obligated to indemnify Hines

3   or NOP because the underlying action does not allege any liability which is covered, or could

4   potentially be covered, under the primary policy, as set forth above.

5   59.   Travelers' indemnity obligations under the excess policy are set forth above (see

6   also EXHIBIT B).

7   60.   Travelers' indemnity obligation to Hines and NOP under the excess policy is

8   subject to the limitations of coverage in the primary policy (EXHIBIT B).

9   61.   As set forth above, because Hines and NOP are not additional insureds under the

10   primary policy for the allegations of the underlying action, they are not additional insureds

11   under the excess policy for the allegations of the underlying action.  Accordingly, Travelers is

12   not obligated to indemnify Hines or NOP for the allegations of the underlying action under the

13   excess policy.

14   62.   Even if Hines and NOP are additional insureds under the excess policy for the

15   allegations of the underlying action, they are not entitled to indemnity because the underlying

16   action does not allege any liability which is covered, or could potentially be covered, under the

17   excess policy (EXHIBIT B).

18   63.   For the foregoing reasons, Travelers requests a declaratory judgment that

19   Travelers is not obligated to indemnify Hines or NOP under the primary policy or excess policy

20   in the underlying action, as set forth above.

21   WHEREFORE, Travelers prays for judgment as follows:

22   1.   For a declaratory judgment that Travelers has no duty to defend Mixt Greens

23   under the primary policy for the allegations of the underlying action.

24   2.   For a declaratory judgment that Travelers has no duty to defend Mixt Greens

25   under the excess policy for the allegations of the underlying action.

26   3.  For a declaratory judgment that Travelers has no duty to indemnify Mixt Greens

27   under the primary policy for the allegations of the underlying action.

28

– 10 –

4.     For a declaratory judgment that Travelers has no duty to indemnify Mixt Greens under the excess policy for the allegations of the underlying action.

5.     For a declaratory judgment that Travelers has no duty to defend Hines or NOP under the primary policy for the allegations of the underlying action.

6.     For a declaratory judgment that Travelers has no duty to defend Hines or NOP under the excess policy for the allegations of the underlying action.

7.     For a declaratory judgment that Travelers has no duty to indemnify Hines or NOP under the primary policy for the allegations of the underlying action.

8.     For a declaratory judgment that Travelers has no duty to indemnify Hines or NOP under the excess policy for the allegations of the underlying action.

9.     For its costs and disbursements incurred herein; and

10.    For such other relief as the Court deems proper.

DATED:  March 1, 2013

                                     BULLIVANT HOUSER BAILEY PC


                                     By _____
                                         JESS B. MILLIKAN
                                         WILLIAM J. RUSTEEN
                                         Attorneys for Plaintiff
                                         TRAVELERS PROPERTY CASUALTY
                                         COMPANY OF AMERICA

13994902.7

COMPLAINT FOR DECLARATORY RELIEF