UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

    Plaintiff,

v.

MIXT GREENS, INC, et al.,

    Defendants.

Case No. 13-cv-0957-PJH

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    The parties' motions for summary judgment came on for hearing before this court on January 20, 2016. Plaintiff Travelers Property Casualty Company of America ("Travelers") appeared by its counsel Samuel Ruby, and defendants Hines Interests Limited Partnership ("Hines") and NOP 560 Mission LLC ("NOP") appeared by their counsel Francis Scolan. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS plaintiff's motion and DENIES defendants' motion as follows and for the reasons stated at the hearing.

    A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

    The background facts are as stated in the order issued on March 25, 2014 (Doc. 75). Briefly, Travelers issued general liability and umbrella policies (the "Travelers Policy") to Mixt Greens, Inc. ("Mixt Greens"), which owned and operated a restaurant in

1  San Francisco, California. Travelers filed this action for declaratory relief in March 2013,
2  seeking a ruling regarding its duty to defend and indemnify Mixt Greens and Hines/NOP
3  (Mixt Greens' landlord) in an action filed in San Francisco Superior Court in 2008 ("the
4  Underlying Action") by another restaurant tenant of the same property. Hines/NOP
5  answered Travelers' complaint and filed a counterclaim alleging breach of contract;
6  breach of the implied covenant of good faith and fair dealing, and a claim for declaratory
7  relief as to Travelers' obligation to defend and indemnify Hines/NOP with regard to the
8  claims in the Underlying Action. Mixt Greens did not appear in this action, and its default
9  was entered on November 15, 2013.

10  The court subsequently severed the duty-to-indemnify claims pending resolution of
11  the Underlying Action, and ordered that the case could proceed on the duty-to-defend
12  claims only. Travelers and Hines/NOP each filed motions for partial summary judgment
13  on the issue of duty to defend. In the March 25, 2014 order, the court granted Travelers'
14  motion and denied Hines/NOP's motion, and ruled that Travelers had no duty to defend
15  Mixt Greens and Hines/NOP. Both sides now seek summary judgment as to whether
16  Travelers has a duty to indemnify Hines/NOP in the form of reimbursement for their
17  defense costs incurred in the Underlying Action.

18  "[T]he duty to defend is broader than the duty to indemnify. Montrose Chem.
19  Corp. of Cal. v. Superior Court, 6 Cal. 4th 287, 295, 299 (1993). Conversely, the duty to
20  indemnify is narrower than the duty to defend, and where a court rules out the duty to
21  defend, it necessarily rules out any "potential for indemnity." See id. at 295. In the
22  context of general liability insurance, the so-called "duty to indemnify" is merely
23  shorthand for the promise that the insurer makes to "pay for all sums that the insured
24  becomes legally obligated to pay [to a third party] as damages" for covered harms. See
25  Certain Underwriters at Lloyd's of London v. Superior Court, 24 Cal. 4th 945, 957 (2001).
26  It is only by virtue of the separate and distinct promise to defend that a general liability
27  insurer acquires a duty to pay the policyholder's defense costs. See id..

28  In sum, "[w]here there is a duty to defend, there may be a duty to indemnify; but

2

1    where there is no duty to defend, there <u>cannot be</u> a duty to indemnify." <u>See</u> <u>Certain</u>
2    <u>Underwriters</u>, 24 Cal. 4th at 958; <u>see also</u> <u>K.B. v. Hartford Cas. Ins. Co.</u>, 608 Fed. Appx.
3    492, 493 (9th Cir. June 24, 2015); <u>Rizzo v. Ins. Co. of State of Penns.</u>, 969 F.Supp. 2d
4    1180, 1203 (C.D. Cal. 2013).  Moreover, where there is no potential coverage under the
5    policy, there can be no breach of the covenant of good faith and fair dealing.  <u>See</u> <u>Brehm</u>
6    <u>v. 21st Century Ins. Co.</u>, 166 Cal. App. 4th 1225, 1235 (2008).

7    Thus, to recover defense costs, Hines/NOP had to prove a breach of the duty to
8    defend, which they failed to do.  Travelers argues that because the court has determined
9    that there is no duty to defend, under California law there can be no claim for indemnity.
10   Hines/NOP have cited no authority under which the court could find an exception to the
11   general rule articulated in <u>Montrose</u> and <u>Certain Underwriters</u>.

12   Nonetheless, Hines/NOP contend that Travelers is obligated to pay their defense
13   cost.  They note that under the Policy, "assumed defense costs" are "deemed to be
14   damages" because of "property damage" or "personal injury" if, as here, the fees are
15   incurred to defend a civil action "in which damages to which this insurance applies are
16   alleged."  They also argue that because the Lease between Mixt Greens and Hines/NOP
17   is a "contract for lease of premises," it is an "insured contract," and that because the
18   defense costs were "assumed" under the Lease, Hines/NOP is entitled to be indemnified
19   for its defense costs.

20   It appears that Hines/NOP has misconstrued the "insured contract" exception to
21   the Contractual Liability exclusion.  Under that exclusion, there is no coverage for liability
22   for bodily injury, property damage, etc. that the insured assumes by contract for bodily
23   injury or property damage, unless the contract qualifies as an "insured contract."  The
24   exception provides that if the insured is liable to a third party for that party's attorneys'
25   fees, and if certain conditions are met, the insurer will indemnify the insured for that
26   liability. The third party, however, does not acquire any rights against the insurer.

27   Here, the insured was Mixt Greens. Hines/NOP argue that their lease agreement
28   with Mixt Greens qualified as an "insured contract."  However, the only effect of deeming

3

the Lease to be an insured contract would be that if Hines/NOP had been sued by Cal-Murphy (plaintiff in the Underlying Action) for bodily injury, property damage, etc., and if Hines/NOP had successfully sued Mixt Greens for indemnity under the Lease, Travelers would have been obligated to indemnify Mixt Greens.  Contrary to Hines/NOP's position, Travelers would not have owed a direct duty to defend or indemnify Hines/NOP.

The court previously determined in the March 25, 2014 order that there is no coverage in this case for "property damage" or "personal injury" under the Policy.  Thus, Hines/NOP's argument that their fees and expenses are "deemed to be damages" because of "property damage" or "personal injury" is to no avail.  Moreover, while the Lease provides for coverage of fees and expenses, Travelers is not a party to the Lease.

Hines/NOP argue that while Travelers' duty would normally run to Mixt Greens under the Travelers Policy, and Mixt Greens' duty under the Lease would run to Hines/NOP, Travelers has – by rejecting Hines/NOP's tender to its insured – "elected to insert itself in place of the insured."  In a footnote in their reply brief, Hines/NOP claim that Travelers' rejection of the tender is "analogous to Travelers intervening in a matter between [Hines/NOP] and Travelers' insured, Mixt Greens."  In support of this argument, Hines/NOP cite Belz v. Clarendon Am. Ins. Co., 158 Cal. App. 4th 615, 633 (2007), a case that is factually and legally distinguishable from the present case.

In Belz, one of the issues was whether an insurer wishing to move to set aside a default judgment issued against its insured (without knowledge of the insurer) must first obtain leave to intervene in the case, or whether it may instead simply move to set aside the default judgment.  The state court held that an insurer may intervene, or may instead file a motion to set aside the default judgment. Here, Travelers did not file a motion to intervene – and it is not clear on what basis it could or would have chosen to do so – and it is not seeking to set aside a default judgment.  Travelers' rejection of Hines/NOP's tender to its insured, Mixt Greens, is in no way "analogous" to seeking leave to intervene, and Hines/NOP provide no other legal authority to support this argument.

Accordingly, the court finds that Travelers' motion must be GRANTED and

4

Hines/NOP's motion must be DENIED.

As stated at the hearing, no later than February 19, 2016, Travelers shall file a motion for default judgment as to Mixt Greens.

**IT IS SO ORDERED.**

Dated: January 28, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge